```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| Billy J. Kidd, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>MATHIS TIRE AND AUTO SERVICE, INC., a Tennessee corporation, and DIRECT TIRE DISTRIBUTORS, INC., a Tennessee Corporation,<br><br>         Defendants. | No. 2:14-cv-02298-JPM-dkv |

**ORDER GRANTING PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS**

Before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, filed September 10, 2014. (ECF No. 30.) The motion is generally unopposed. Defendants object only to Plaintiff's request to send a single reminder notice, identical to the actual notice, twenty (20) days into the notice period. A telephonic hearing was held on the instant motion on September 17, 2014. (ECF No. 32.)

Plaintiff seeks to certify a class as follows: "All 'Technicians' and 'Mechanics' employed by Defendants, Mathis Tire and Direct Tire, within the last three (3) years [prior to

September 10, 2014]." (ECF No. 30 at 1, 2.)  For the reasons set forth below, Plaintiff's motion is GRANTED.

## I. BACKGROUND

On April 28, 2014, Bill J. Kidd ("Plaintiff") filed a complaint on behalf of himself and those similarly situated against Defendants Mathis Tire and Auto Service, Inc. and Direct Tire Distributors, Inc. (collectively "Defendants"). (ECF No. 1.)  In his Complaint, Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by not compensating Plaintiff and other members of the purported class for overtime as required by the FLSA. (Id. ¶¶ 59–61.)

Defendants' business consists of servicing automobiles and selling automotive products in Mississippi and Tennessee. (Id. ¶ 39; Answer ¶ 39, ECF No. 14.)  Plaintiff alleges that he was employed by Defendants from approximately March 1, 2013 to October 31, 2013. (Compl. ¶ 9, ECF No. 1.)  According to Plaintiff, he worked at least 58 hours per week -- and sometimes as much as 70 hours a week -- and was paid approximately between $420 per week and $611.00 per week.  Plaintiff alleges Defendants employed others with substantially similar job requirements and pay provisions who were similarly subject to insufficient pay under the FLSA. (Id. ¶ 19.)  Defendant does not deny that Plaintiff describes an extant group of similarly situated people, but does deny that any of them were employed in

a manner violating the FLSA.  (Answer ¶¶ 18-19 (internally described as referencing what should be Paragraphs 20 to 22), ECF No. 14.)

## II. STANDARD FOR CONDITIONAL CLASS CERTIFICATION AND COURT-FACILITATED NOTICE

Section 216(b) of the FLSA provides that employees may recover unpaid overtime compensation by collectively suing an employer under certain circumstances.  29 U.S.C. § 216(b).  Specifically, § 216(b) states:

> Any employer who violates [the maximum hours provisions] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be.... An action to recover [for such liability] may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Id.  "To proceed collectively, named plaintiffs must therefore demonstrate that they are 'similarly situated' to the opt-in plaintiffs—the employees they seek to notify and represent." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757 (W.D. Tenn. 2011).

Courts generally employ a two-phase inquiry to determine whether plaintiffs are similarly situated.  O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 583 (6th Cir. 2009).  "The first stage occurs early in the discovery process, when the Court determines whether to 'conditionally' certify the proposed class.  Lindberg, 761 F. Supp. 2d at 757 (citing Comer v. Wal-

3

Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006)).  The purpose of conditional certification is providing notice to potential plaintiffs and presenting them with an opportunity to opt in. Id. at 758.  The second stage only occurs after "all of the opt-in forms have been received and discovery has concluded." Comer, 454 F.3d at 546.  At that point, a second determination, using a more rigorous standard, is made as to whether the named plaintiffs and opt-in plaintiffs are similarly situated.  Id. at 547.

This case is at the first stage.  "Because the determination at this stage is made using a fairly lenient standard, the Sixth Circuit has recognized that it 'typically results in conditional certification of a representative class.'" Lindberg, 761 F. Supp. 2d at 758 (quoting Comer, 454 F.3d at 547 (citations omitted)).  "If the court determines that conditional certification is appropriate, putative class members are given notice and the opportunity to opt-in." Id. (internal quotation marks omitted).

**III. ANALYSIS**

    **A. Similarly Situated Analysis**

As the standard the Court must use at this stage is "fairly lenient," id., and "typically results in conditional certification," Comer, 454 F.3d at 547, and Defendants have conceded that such a class of similarly situated employees

4

exists, Plaintiff has met his burden for conditional certification. Accordingly, conditional certification is hereby GRANTED.

### B. Notice Analysis

"Pursuant to Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989), the Court exercises its discretion to approve that potential members of the above-described class be notified and given an opportunity to opt-in to the action." Lindberg, F. Supp. 2d at 765. Plaintiff has requested they be permitted to distribute a jointly prepared Class Notice (Ex. 1, ECF No. 33-1) via first-class mail. (ECF No. 30 at 5.) Plaintiff further requests permission to transmit a Reminder Notice (Ex. 2, ECF No. 33-2) that is largely identical to the Class Notice on the twentieth day of the notice period. (ECF No. 30 at 2) The Class Notice is unopposed, whereas the Reminder Notice is opposed. (Id.)

Defendants advance two arguments against permitting the distribution of the Reminder Notice. First, Defendants argue that the Reminder Notice is not necessary to inform the putative class members of their rights. (Id. at 9.) Second, Defendants assert that the Reminder Notice borders on encouragement contrary to the purpose of the liberal granting of conditional certification in the FLSA. (Id.) Defendants cite Wlotkowski v. Michigan Bell Telephone Co., 267 F.R.D. 213, 220 (E.D. Mich.

5

2010) and <u>Lutz v. Huntington Bancshares Inc.</u>, 2:12-CV-01091, 2013 WL 1703361, at *7–*8 (S.D. Ohio Apr. 19, 2013) to support their contentions.  (ECF No. 30 at 9-10.)

Plaintiff argues that the Reminder Notice serves the remedial purposes of the FLSA, and that it is appropriate to help ensure that the putative class members are actually aware of their rights.  In support of his arguments, Plaintiff cites to dozens of cases in which reminder notices were allowed.

The Court agrees with Plaintiff.  The FLSA serves remedial purposes.  <u>See</u> <u>Ellington v. City of East Cleveland</u>, 689 F.3d 549, 554–55 (6th Cir. 2012).  In order for the FLSA to serve its remedial function, putative class members must actually become aware of their right to opt in.  Although it may be inappropriate for the Court to sanction notice that actually functions to encourage recipients to join a law suit, that is not the apparent function of the Reminder Notice.  As such, the Court finds that the Reminder Notice functions primarily to inform putative class members of their rights.  Accordingly, the Plaintiff's requests to send its Class Notice (Ex. 1, ECF No. 33-1) and Reminder Notice (Ex. 2, ECF No. 33-2) twenty days into the notice period are GRANTED.

In light of the foregoing, and on the agreement of the parties, it is hereby ORDERED:

1. This case may proceed as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.;

2. Defendants shall produce to Plaintiff's counsel within seven (7) days a list containing the names, the last known addresses and phone numbers of putative class members who worked for Defendants from September 10, 2011 to present;[1]

3. The initial Class Notice (Ex. 1, ECF No. 33-1) and Consent Form (Ex. 3, ECF No. 33-3) shall be sent by first-class mail to all potential plaintiffs at any time, but no later than sixty (60) days after Plaintiff's receipt of the list and contact information of putative class members;

4. The Reminder Notice (Ex. 2, ECF No. 33-2) and Consent Form (Ex. 3, ECF No. 33-3) may be sent by first-class mail to potential plaintiffs twenty (20) days after the initial Class Notice (Ex. 1, ECF No. 33-1) is mailed; and

5. Class members shall be limited to those who communicate a Consent form (Ex. 3, ECF No. 33-3) within 45 days from the mailing of the initial Class Notice.[2]

---

[1] This was agreed to by the parties during the September 17, 2014 telephonic status conference. (ECF No. 32.)
[2] Same.

**IT IS SO ORDERED,** this 18th day of September, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
